UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLITOS G. SAUCEDO,

    Plaintiff,

    v.

AUDREY KING, et al.,

    Defendants.

Case No. 14-cv-05096-JD

**ORDER OF TRANSFER**

Plaintiff, a civil detainee, has filed a civil rights action under 42 U.S.C. § 1983. He is civilly committed pursuant to California's Sexually Violent Predators Act (SVPA). *See* Cal. Welf. & Inst. Code 6600, et seq. Plaintiff is committed in Coalinga, CA which is located in the Eastern District of California. The underlying commitment proceeding occurred in San Mateo County, which is in this district.

Plaintiff claims that SVPA's "assessment methodology" for predicting recidivism, and SVPA's failure to provide sexually violent predators with outpatient treatment, are unconstitutional. Plaintiff seeks declaratory relief and an injunction preventing defendants – all current or former officials of California's Department of State Hospitals (formerly known as the Department of Mental Health) – from holding civil detainees under SVPA until defendants are able to offer them outpatient treatment.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's

challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983." *Skinner*, 131 S. Ct. at 1293 (quoting *Wilkinson*, 544 U.S. at 82). As a consequence, challenges to prison conditions traditionally have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Although plaintiff is a civilly committed patient, rather than a criminally convicted prisoner, the habeas versus § 1983 proper remedy distinction also applies. *Compare Hubbart v. Knapp*, 379 F.3d 773, 779-81 (9th Cir. 2004) (upholding constitutionality of SVPA against habeas challenge under 28 U.S.C. § 2254) *with Hydrick v. Hunter*, 669 F.3d 937, 941-42 (9th Cir. 2012) (accepting defendants' qualified immunity defense to civil committees' § 1983 challenge to their conditions of confinement). Consequently, to the extent that plaintiff seeks relief that would entitle him to immediate or earlier release from his civil commitment, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. *See Skinner*, 131 S. Ct. at 1293; *see also Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus after state judicial remedies have been exhausted). And to the extent that plaintiff seeks relief that may be construed as not necessarily requiring speedier release from his civil commitment, his § 1983 action must be brought in the Eastern District of California, where plaintiff is civilly committed at Coalinga State Hospital and where all named defendants reside. See 28 U.S.C. §§ 84(b), 1391(b).

This case is **TRANSFERRED** to the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1406(a). In view of the transfer, the Court will not rule upon plaintiff's request for leave to proceed in forma pauperis.

**IT IS SO ORDERED**.

Dated: March 9, 2015

_____
JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLITOS G. SAUCEDO,<br><br>            Plaintiff,<br><br>    v.<br><br>AUDREY KING, et al.,<br><br>            Defendants. | Case No.  14-cv-05096-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 3/9/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlitos G. Saucedo ID: 1658-4
Coalinga State Hospital
PO Box 5003
Coalinga, CA 93210-5003

Dated: 3/9/2015

Richard W. Wieking
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4